UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

CHARLES ROBINSON,

    Plaintiff,

v

ANGELA GUY, JAMES L. GREEN a/k/a
JAMES L. GUY, BIANCA'S INVESTMENT &
MANAGEMENT GROUP, LLC, PARADISE
UNLIMITED INTERNATIONAL, LLC, F.A.M.ily
APPRAISALS, INC. FOUAD TALEB, MARWAN
TALEB, KEVIN COLLINS, TRI-COUNTY TITLE
AGENCY, INC. PREMIER MORTGAGE FUNDING,
INC., EUGENE CULPEPPER, COMERICA BANK, N.A.
MOHAMMAD HIJAZI, HOME LOAN CORPORATION,
and BANK OF NEW YORK,

    Defendants.

Case No. 2:05-CV-72135
Hon. Arthur Tarnow
Magistrate Judge Donald A. Scheer

_____

**ORDER CERTIFYING JUDGMENT UNDER RULE 54(b)
AND DENYING PREMIER'S MOTION FOR CLARIFICATION**

On August 4, 2006, the Court entered a judgment as to one of cross-plaintiff Home Loan Center's claims against defendant Premiere Mortgage Funding. The judgment against Home Loan Center disposed of HLC's breach of contract claim against Premier only. Therefore, there are outstanding unresolved claims among the multiple parties to the lawsuit.

Premiere has filed a motion to clarify the judgment. According to Premier, the judgment is not a final enforceable order because it disposed of less than all the claims among all parties and has not been certified pursuant to Fed. R. Civ. P. 54(b).

In response, HLC argues that Premier's motion is really a motion for reconsideration and that the Court should either certify the judgment as a final judgment under Rule 54(b) or stay the judgment and order HLC to deposit the amount of the judgment ($392,736.44) with the Court.

Robinson v. Guy, et al.<br>Case No. 05-72135

HLC's motion is controlled by Fed. R. Civ. P. 54(b), which provides:

> **(b)  Judgment Upon Multiple Claims or Involving Multiple Parties.**  When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Fed. R. Civ. P. 54(b).

For the purposes of Rule 54(b), the Court finds that by granting HLC's motion for summary judgment on its breach of contract claim against Premier, it directed a final judgment as to one or more but fewer than all of the claims or parties.

In addition, the Court finds that there is no just reason to delay entry of the judgment previously entered on August 4.  The Sixth Circuit has recognized the following non-exhaustive list of factors to be considered in determining whether or not there is just reason for delay:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like. Depending upon the facts of the particular case, all or some of the above factors may bear upon the propriety of the trial court's discretion in certifying a judgment as final under Rule 54(b).

*Corrosioneering, Inc. v. Thyssen Environmental Systems, Inc*., 807 F.2d 1279, 1283 (6th Cir. 1986) (citation omitted).

Robinson v. Guy, et al.
Case No. 05-72135

In this case, the already-adjudicated breach of contract claim is distinct from the unadjudicated claims. Regardless of the outcome of future proceedings, the issue of Premier's contractual obligations to HLC will not be rendered moot and the Court of Appeals will not be obliged to consider this issue a second time. Premier has not filed any claims and does not have defenses which would result in set-off. Therefore,

IT IS HEREBY ORDERED that the judgment as to HLC's breach of contract claim against Premier [DE 105] is CERTIFIED FOR APPEAL pursuant to Rule 54(b).

SO ORDERED.


s/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated:  August 28, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 28, 2006, by electronic and/or ordinary mail.

s/Theresa E. Taylor
Case Manager