UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES ROBINSON, *et al.*,                        Case No. 05-72135
                                                   DISTRICT JUDGE
                    Plaintiffs,                    ARTHUR J. TARNOW

v.                                                 MAGISTRATE JUDGE
                                                   DONALD A. SCHEER
ANGELA GUY, *et al.*,

                    Defendants.

_____/

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION [DE 122], GRANTING COUNSEL'S MOTION TO WITHDRAW AS COUNSEL [DE 151], and DENYING DEFENDANT'S APPLICATION TO APPEAR WITHOUT LOCAL COUNSEL [DE 152] AS MOOT**

**MOTION FOR RECONSIDERATION**

On September 12, 2006, Defendant Premier Mortgage Funding, Inc., filed a motion for reconsideration [DE 122] of the Court's Judgment against it of August 4, 2006 [DE 105], pursuant to Fed. R. Civ. P. 60(b)(1) and 60(b)(6).

The Local Rules for the Eastern District of Michigan state that in a motion for reconsideration "the movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case." L.R. 7.1(g)(3). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest or plain." *Fleck v. Titan Tire Corp.*, 177 F.Supp.2d 605, 624 (E.D.Mich. 2001) (citations omitted).

Further, the Local Rules also provide that any "motions for rehearing or

*Robinson v. Guy, et al.*
Case No. 05-72135

reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication," shall not be granted. L.R. 7.1(g)(3). Even new arguments are unavailing, especially in the absence of extraordinary circumstances that justify relief. *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 387 (6th Cir. 2001) ("Rule 60(b), however, does not provide relief simply because litigants belatedly present new facts or arguments after the district court has made its final ruling.").

Defendant Premier Mortgage Funding, Inc., provided no support for a finding of palpable defect, nor for any extraordinary circumstances justifying its belated new arguments. Accordingly, its motion for reconsideration is DENIED.

## ISSUES REGARDING LOCAL COUNSEL

On February 23, 2007, Attorney Guy T. Conti filed a motion to withdraw as local counsel [DE 151] for defendant Premier Mortgage. Subsequently, on March 3, 2007, Defendant Premier Mortgage filed an application to appear without local counsel [DE 152].

On April 9, a proposed stipulated order was submitted, substituting Thomas E. Daniels for Guy T. Conti, as Premier Mortgage's local counsel. That Order was signed and entered on April 13, 2007. Accordingly, Defendant Premier Mortgage's application to appear without local counsel is DENIED AS MOOT. Guy Conti's motion to withdraw as local counsel [DE 151] is GRANTED.

## CONCLUSIONS

Based on the foregoing discussion, the Court HEREBY ORDERS AS FOLLOWS:

*Robinson v. Guy, et al.*
Case No. 05-72135

Defendant Premier Mortgage Funding Inc.'s Motion for Reconsideration [DE 122] is DENIED.

Attorney Guy T. Conti's Motion to Withdraw as Local Counsel [DE 151] is GRANTED.

Defendant Premier Mortgage's Application to Appear Without Local Counsel [DE 152] is DENIED AS MOOT.

SO ORDERED.


S/ARTHUR J. TARNOW
Arthur J. Tarnow
United States District Judge

Dated:  April 13, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 13, 2007, by electronic and/or ordinary mail.

S/THERESA E. TAYLOR
Case Manager